UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL FRASER and DEBORAH FRASER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.  14-14161-GAO |
| PRUDENTIAL INSURANCE AGENCY, LLC, | ) | |
| a/k/a PRUDENTIAL and PRUDENTIAL | ) | |
| INSURANCE COMPANY OF AMERICA, | ) | |
| a/k/a PRUDENTIAL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S REQUEST FOR RECONSIDERATION

September 14, 2016

This matter is before the court on "Plaintiff's Request for Reconsideration of the Court's

Order of July 25, 2016 with Respect to Discovery of Defenses and Copies of Depositions"

(Docket No. 112).  By this motion, the plaintiffs challenge, yet again, this court's refusal to order

that the defendant further supplement its answer to Interrogatory No. 15, this court's ruling

that the plaintiffs are not entitled to free deposition transcripts from the defendant, and this

court's ruling that the defendant is not in default.  The motion for Reconsideration is DENIED.

"[M]otions for reconsideration are appropriate only in a limited number of circum-

stances: if the moving party presents newly discovered evidence, if there has been an inter-

vening change in the law, or if the movant can demonstrate that the original decision was

based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53

(1st Cir. 2009).  In addition, "a motion for reconsideration should be granted if the court has

patently misunderstood a party or has made an error not of reasoning but apprehension."  Ruiz

Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (quotations, punctuation and citations omitted).  However, such motions "are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'"  Allen, 573 F.3d at 53 (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).  "The granting of such a motion is 'an extraordinary remedy which should be used sparingly.'"  Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

In the instant case the plaintiffs simply keep repeating the same arguments that have been previously rejected by this court.  There is no basis for reconsideration: this court stands by its earlier rulings.  Any errors will have to be addressed on appeal from this court's rulings.

To make this court's rulings as clear as possible:

1.      The defendant Prudential Insurance Agency, LLC was dismissed from this case on November 25, 2015 and is not in default.  The defendant Prudential Insurance Company of America filed a timely answer on December 9, 2015 and is not in default.  (See Document No. 67).

2.      Prudential is not to provide free deposition transcripts to the plaintiffs.

3.      Prudential's supplemental answer to Interrogatory No. 15 responds to the question asked.  (See answer quoted by the plaintiffs in Document No. 103).  The interrogatory only asked about certain affirmative defenses asserted by Prudential.  See Fed. R. Civ. P. 8(c) (listing affirmative defenses which must be pled in a responsive pleading).  The supplemental answer does not prevent Prudential from asserting other "defenses" to the plaintiffs' claims at trial.

4.      Prudential has complied with its Rule 26 obligations.

5.      The filing of any further motions raising these issues before this court will result

in the imposition of sanctions.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge